## STREET IMPROVEMENT ASSESSMENTS.

Circuit Court of Lucas County.

WILLIAM H. PRENTICE ET AL v. CITY OF TOLEDO.

Decided, March 21, 1908.

*Streets—Assessments for Improvement of—Character of the Property may be Considered—Burden of Proof—Discretion in the Matter of Levying—Courts will not Interfere Unless Grossly Excessive—Section 1536-213.*

1. Street paving assessments will not be enjoined as excessive and inequitable unless so established by a preponderance of proof.
2. The potential as well as the present use of property is to be taken into account in making assessments for public improvements.
3. An assessment for a street improvement of $943.59 upon property estimated after the improvement, by complaining owner's witness at $2,800, although slightly above 33 1-3 per cent. thereof, will not

be interfered with as being in. contravention of Section 53 of the municipal code of 1902 (R. S., 1536-213), where there is other evidence that the assessment is less than 33 1-3 per cent. of the value of the property as enhanced by the improvement.

*F. H. Geer,* for plaintiffs, cited: Walsh v. Sims, 65 Ohio St., 211; Norwood v. Baker, 172 U. S., 269; State v. Newark, 37 N. J. Law, 415; Hammett v. Philadelphia, 65 Pa. St., 146; Tide-Water Co. v. Coster, 18 N. J. Eq., 518; Dillon, Mun. Corp., Section 761; Griswold v. Pelton, 34 Ohio St., 482; Chamberlain v. Cleveland, 34 Ohio St., 551; Schrader v. Overman, 61 Ohio St., 1; Walsh v. Barron, 61 Ohio St., 15; C., L. & N. Ry v. Cincinnati, 62 Ohio St., 465; Davidson v. New Orleans, 96 U. S., 97; C., N. O. & T. P. Ry. v. Kentucky, 115 U. S., 321; Dayton v. Bauman, 66 Ohio St., 379; Ayers v. Toledo, 6 C. C.—N. S., 57; Breuer v. Cincinnati, 52 Bull., 281; Cincinnati v. James, 55 Ohio St., 180; Pike v. Cummings, 36 Ohio St., 213; Groesbeck v. Cincinnati, 51 Ohio St., 365; Blair v. Cary, 2 C. C.—N. S., 25; Birdseye v. Clyde, 61 Ohio St., 27; Lewis v. Symmes, 61 Ohio St., 471; Price v. Toledo, 4 C. C.—N. S., 57; Cincinnati v. Shoemaker, 10 C. C.—N. S., 38; Stafford v. Hamston, 2 Brod. & Bing., 691.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Appeal from Lucas Common Pleas Court.

This is a suit brought here by appeal to enjoin paying assessments on Central avenue, between Collingwood avenue and Cherry street. A number of plaintiffs, property owners, have united in bringing the suit, claiming that the assessments upon their several properties are excessive and inequitable, the assessments having been made according to benefits.

Of course the burden rests upon the parties attacking the assessments made in behalf of the municipality; that burden must be sustained by a preponderance of the evidence; and, as previously held by this court and probably throughly established by other adjudications, it is not sufficient in order to justify the stopping of the collections that this court should conclude that if we were the assessing tribunal we would have adopted some-

what different measures, or would have made lighter burdens upon the properties involved. We are not disposed to depart from the conclusions arrived at in the case of *Price* v. *Toledo,* 4 C. C.—N. S., 57, in which, on page 63, if my memory serves me, Judge Hull used some quite strong language in defining the province of the court as to interference with the discretion of the assessing committee, holding, in substance, that in order to justify an interference by the courts, the assessments must be so grossly excessive as to indicate fraud. It may not be necessary to go to that length in the present case, and probably is not. It is sufficient to say that the plaintiffs have not maintained their claim by a preponderance of the evidence, which is required to justify the granting of an injunction, that the assessing body have so assessed the properties as to abuse its discretion; and without some abuse of that discretion which is given by the law, we are not justified in interfering.

If we look at mere numbers of witnesses, which may be taken into account in connection with the character of their testimony, and the other circumstances of the case, we find that a decided majority of persons qualified to speak, testified in behalf of the defendants, and in their estimates of the benefits to the properties involved, nearly, if not quite all of the defendant's witnesses testified that the benefits are greater than as found by the assessing board. The witnesses called for the plaintiffs and also for the defendants are persons who have had more or less experience in buying and selling real estate; it has been their business for years. It is apparent that the notions of men who are frequently called upon to determine the market values of real estate greatly vary among themselves. There is, to illustrate, in the present case, one property in which the estimates of benefit, by reason of this pavement, are varied all the way from $100 to $1,500; and this by the testimony of men more or less qualified to speak, by reason of their experience as to the market values of properties. It is not surprising, when we see so wide a range of opinions in a matter which can not be fixed with absolute certainty by any mathematical process, that the board of public officers should arrive at estimates of value which might not

entirely concur with those which the judges upon the bench might be disposed to adopt if the question came to them in the first instance.

Some criticism was made in cross-examination, or by way of suggestion to the court by counsel for the plaintiffs, of the evidence of several of the witnesses for the defense, upon the ground that they had not inspected the interiors of houses upon property assessed and so become thoroughly familiar with the values of properties immediately before and immediately after the paving improvement. We think, however, that too much emphasis has been placed by counsel for the plaintiff upon this feature of the case. It is not of so much consequence what use has been made of property by improvements that have been placed upon it, as the potential value of the lot as affected by the improvement for which the assessment is made. In the case of *McMaken* v. *Hayes*, 10 C. C.—N. S., 38, in the opinion it is said, page 44:

"We think that it may justly be said that it is not altogether the present use that is made of the property but its potential use that fixes the market value of property and that such use is to be taken into account by the persons assessing the benefits."

But even if the use that has been already made of the property and improvements that have been placed upon it are to receive consideration by the persons assessing the benefits in determining the extent to which the property is enhanced in value by the improvement, we do not think that the fact that some of the witnesses have not visited the interiors of the houses, should play any very large part in determining the extent to which the property has been enhanced in market value by the pavement.

We have had more trouble with the assessment upon a piece of property owned by the plaintiff, Prentice, having a frontage of 150 feet along the pavement, than with any of the other properties assessed and involved in this litigation. There is an assessment upon this property of $943.59, and I think I may say for the other members of the court, as I do for myself, that if we were making this assessment, it is altogether likely we should not have placed so heavy a burden upon this particular property. Among the numerous witnesses who have testified,

however, there are three who have made the benefits to this property larger than the amount which has been imposed. Mr. Dale testified that it is benefited to the extent of $1,000; Mr. Jones concurs in this estimate, and the witness Emrich places the benefit as high as $1,500. It is claimed, however, with regard to this particular piece of property, and it the only one in the case as to which this question has arisen, that the assessment upon it is more than 33 1-3 per cent. of the value of the property as improved by the pavement and that such an assessment is in contravention of the statute (Sec. 53 of the municipal code of 1902; Rev. Stat., 2373; 1536-213). But here again is a conflict in the evidence. Dale, Wilson, Emrich and Jones all estimate the value of the property as improved at more than three times the amount of the assessment; while one of the defendant's witnesses, Mr. Fuller, estimates the value of the property as improved at $2,800, one-third of which would be very slightly below the amount of the assessment which has been placed upon the property.

We are not disposed to say that there has been such an abuse of discretion in assessing this property as would justify the interference of the court. We have concluded to render the same judgment in regard to it as to the rest. We refuse the injunction as to all of the assessments. The petition of the plaintiffs will be dismissed at their costs.